UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELNATHAN GRAVES, SR.                                                                                                  PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 1:24-CV-338-TBM-RPM

QUEEN E. GRAVES et al                                                                                              DEFENDANTS

## REPORT AND RECOMMENDATIONS

This matter is before the Court *sua sponte*. On October 30 2024, Plaintiff Elnathan Graves, Sr., who is proceeding *pro se* and *in forma pauperis*, filed his Complaint against the following Defendants: (1) Queen E. Graves; (2) Kent Jones; (3) Deborah Harvey Ferguson; (4) Diane Graves Lee; (5) Colbie Brown; (6) Demetrius Wayne Graves; (7) Kim Graves; (8) Dorothy Locks; (9) Tremayne Graves; (10) Amari Jane Graves; (11) Kimberly Faye Harris; (12) Isaac Pittman; (13) Cassandra Pittman; (14) LaToya Sims Corbett; (15) Marcus Corbett; (16) Breanna Sims; (17) Brittney Brown; (18) Alexis Graves; (19) Quanta Graves; (20) Deandra Washington; and (21) Nick Unknown (collectively, "Defendants"). [1]. Plaintiff alleges that Defendants "got together and stole [his] military money outta [sic] the bank[.]" [1] at 9. He seeks "[t]o retrieve all the money that was stolen from [him] and [his] deceased siblings[,] children[,] and grand kids." *Id*. He asserts federal question as the basis for jurisdiction. *Id.* at 8.

On April 1, 2025, this Court conducted a screening hearing. Minute Entry (04/01/2025). According to Plaintiff's testimony at the screening hearing in this matter, all but two of the defendants are related to him or share some familial connection to him.[1] He alleges that his

---

[1] (1) Queen E. Graves is his sister; (2) Kent Jones is not a relative of his; (3) Deborah Harvey Ferguson is not a relative of his; (4) Diane Graves Lee is his sister; (5) Demetrius Wayne Graves is his brother; (6) Colbie Brown is his niece and the daughter of his sister Diane Graves Lee; (7) Kim Graves is his ex-sister-in-law and the ex-wife of his brother Demetrius Wayne Graves; (8) Dorothy Locks is the mother of Kim Graves; (9) Tremayne Graves is his nephew and the son of his brother Demetrius Wayne Graves; (10) Amari Jane Graves is his niece and the daughter of his brother

Case 1:24-cv-00338-TBM-RPM    Document 6    Filed 09/22/25    Page 2 of 5

siblings stole his money and that the remaining defendants were recruited by his siblings to help steal his money. In particular, he served in the United States Army from 1982 until 1985 when he was dishonorably discharged. He asserts that Defendants stole his deployment checks and his father's Veterans Affairs money by stealing his mail. He acknowledged that this is the sole reason he has brought this instant lawsuit.

Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking subject matter jurisdiction, Plaintiff bears the burden of establishing its existence. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017). Furthermore, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent this, section 1915(e)(2) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

---

Demetrius Wayne Graves; (11) Kimberly Faye Harris is the girlfriend of his brother Demetrius Wayne Graves; (12) Isaac Pittman is the brother of Kimberly Faye Harris; (13) Cassandra Pittman is the sister of Kimberly Faye Harris; (14) LaToya Sims Corbett is his niece; (15) Marcus Corbett is the husband of LaToya Sims Corbett; (16) Breanna Sims is the daughter of his niece LaToya Sims Corbett; (17) Brittany Brown is daughter of his niece LaToya Sims Corbett; (18) Alexis Graves is his niece and the daughter of his sister Queen E. Graves; (19) Quanta Graves is his niece and the daughter of his sister Queen E. Graves; (20) Deandra Washington is his nephew and the son of his sister Queen E. Graves; and (21) Nick Unknown is the boyfriend of his niece Colbie Brown.

2

The Court first addresses federal-question jurisdiction. *See* 28 U.S.C. § 1331. "In determining whether a case arises under federal law, we look to whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'" *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010). Although Plaintiff does not cite to any particular statute, it appears he alleges that Defendants committed mail fraud or theft or receipt of stolen mail. Mail fraud is a federal crime. *See* 18 U.S.C. § 1341 ("Frauds and swindles"). Theft or receipt of stolen mail is a federal crime. *See* 18 U.S.C. § 1708 ("Theft or receipt of stolen mail matter generally"). However, a plaintiff "has no right to bring a private action under federal criminal statutes." *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003). "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute . . . ." *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). Section 1341 "does not create a private right of action." *Crawford Arms, Inc. v. Waste Mgmt. of Miss., Inc.*, 23 F. Supp. 2d 676, 678 (S.D. Miss. 1998); *Paddlewheel Props., Inc. v. Waste Mgmt. of Miss., Inc.*, 23 F. Supp. 2d 670, 673 (S.D. Miss. 1997); *see Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977); *Napper v. Anderson, Henley, Shield, Bradford, and Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974). Section 1708 also does "not create a private right of action." *Dennis v. United States Postal Serv.*, 564 F. App'x 85, 86 n.2 (5th Cir. 2014).

Therefore, courts have held these alleged criminal activities do not provide a plaintiff with a private cause of action. *See, e.g., Becnel v. Folse*, No. 20-266-BAJ-EWD, No. 2021 WL 8973151, at *7 (M.D. La. Nov. 15, 2021); *Chichakli v. Park Lane Townhomes Homeowners Ass'n*, No. 3:21-CV-1795-C-BT, 2022 WL 527861, at *5 (N.D. Tex. Feb. 8, 2022); *Burrell v. Concept Ag, LLC*, No. 4:19-CV-124-NBB-JMV, 2020 WL 5821972, at *3 (N.D. Miss. Sept. 30, 2020); *Brown v.*

3

*Anderson*, No. 3:16-CV-620-D-BK, 2016 WL 6903730, at *4 (N.D. Tex. Oct. 5, 2016); *Grant v. Seabron*, No. SA-15-CA-964-RP, 2015 WL 13546621, at *9 (W.D. Tex. Nov. 10, 2015); *Lockridge v. Bridge Shelter*, No. 3:13-CV-3195-M-BK, 2013 WL 6189307, at *2 (N.D. Tex. Nov. 26, 2013). "[C]riminal statutes do not create private causes of action that would establish federal question jurisdiction." *Vo v. Entergy of Baton Rouge*, No. 25-341-BAJ-EWD, 2025 WL 2329557, at *2 (M.D. La. June 23, 2025). Thus, to the extent Plaintiff alleges that Defendants committed a federal crime, there is no private right of action establishing federal-question jurisdiction and his claim should be dismissed.

The Court briefly addresses diversity jurisdiction. *See* 28 U.S.C. § 1332. Liberally construing Plaintiff's Complaint, Plaintiff perhaps alleges a state-law claim of conversion or fraud. Nevertheless, there is no independent basis for jurisdiction over state-law claims here because there is a lack of diversity of citizenship. *Irby v. Hodge*, No. 2:09-CV-223, at *4 (S.D. Miss. Oct. 22, 2010). According to the Complaint, Plaintiff and 18 of the defendants are citizens of Mississippi. In order for the Court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side' at the time the complaint was filed." *Soaring Wind Energy*, 946 F.3d at 750 (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)). Thus, to the extent Plaintiff alleges state-law claims, those claims should be dismissed for lack of diversity jurisdiction.

Based on the above, Plaintiff's action must be dismissed. *See Gilbert v. Bartel*, 273 F. App'x 413, 413 (5th Cir. 2008) ("A case that does not present either federal question or diversity jurisdiction is subject to dismissal for lack of subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3)

4

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff Elnathan Graves, Sr.'s Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED this the 22nd day of September 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE